IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-44-BO
No. 5:09-CV-442-BO

| | |
|---|---|
| RHAMAL LAMAHR LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Government's Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth herein, the Government's Motion to Dismiss is GRANTED.

Petitioner was charged with counts (1) possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924; and (4) a second count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924. Petitioner pled guilty to count 4 but not guilty to counts 1, 2, and 3. On April 6, 2006, a jury found Petitioner guilty of counts 1, 2, and 3.

Petitioner filed a direct appeal challenging this Court's decision to limit cross-examination of a detective regarding a confidential informant and admission of Petitioner's statements regarding his occupancy of his apartment and ownership of the apartment's contents.

On April 22, 2008, the Fourth Circuit Court of Appeals affirmed this Court's judgment. On October 6, 2008, Petitioner's petition for writ of certiorari to the United States Supreme Court was denied. *Lewis v. United States*, 129 S.Ct. 255 (2008).

Petitioner now brings this Motion pursuant to 28 U.S.C. § 2255 arguing that he received ineffective assistance of counsel. Petitioner must show that (1) his counsel's efforts fell below an objective standard of reasonableness and (2) that the result would have been different but for the alleged unprofessional errors. *Strickland v. Washington*, 466 U.S. 668 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* At 689.

Petitioner first contends that counsel was ineffective in failing to call a detective to corroborate Petitioner's prior statement that he did not know about the drugs. But counsel's failure to call this hostile witness for the sole purpose of corroborating one of Petitioner's prior statements does not clear the high bar set by *Strickland*.

Petitioner also contends that counsel failed to adequately challenge the reliability of a confidential informant. But the Fourth Circuit affirmed this Court's limiting of Petitioner's counsel's cross-examination of a detective regarding the confidential informant. Moreover, the Fourth Circuit also noted that Petitioner was not charged with selling a controlled substance to the confidential informant.

In sum, Petitioner's § 2255 Motion does not set forth a facially plausible claim that counsel's efforts were professionally unreasonable or that any error altered the ultimate outcome. Therefore, the Government's Motion to Dismiss is GRANTED. This matter is hereby DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurists would not find this Court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

SO ORDERED, this 12 day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-3-